IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>MIGUEL D. ESPINOZA MONTOYA,<br><br>                    Defendant. | 4:25CR3004<br><br>**ORDER** |

    A telephone status conference was held today. During the telephone conference, defense counsel notified the court that Defendant needs additional time to consider and decide whether to enter a guilty plea or go to trial. Defendant moved to continue the pretrial motion deadline and the status conference. The government did not object. Based on the comments of counsel, the court finds good cause has been shown and the oral motion to continue should be granted. Accordingly,

    IT IS ORDERED:

1)    Pretrial motions and briefs shall be filed on or before March 17, 2025.

2)    A telephonic conference with counsel will be held before the undersigned magistrate judge at 9:15 a.m. on March 31, 2025 to discuss setting any pretrial motion hearing needed, a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

3)    The court finds that the ends of justice served by granting the motion to continue outweigh the interests of the public and the defendants in a speedy trial, and the additional time arising as a result of the granting of the motion, the time between today's date and March 31, 2025 shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). During the telephone conference, the parties consented to excluding the time pursuant to the Speedy Trial Act for the above-mentioned time period. Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

    Dated this 18th day of February, 2025.

                                                                                                    BY THE COURT:
                                                                                                    *s/ Jacqueline M. DeLuca*
                                                                                                    United States Magistrate Judge